IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAIME FELICIANO CÁCERES, d/b/a JF & Assoc.; INGRID CANDANEDO ZAMORA and the Conjugal Partnership FELICIANO-CANDANEDO,<br><br>Plaintiffs<br><br>v.<br><br>LAND-FILL TECHNOLOGIES CORP., d/b/a LANDFILL TECHNOLOGIES CORP.; F & S CONSTRUCTION CORP.; LANDFILL GAS TECHNOLOGIES CORP.; LANDFILL MANAGEMENT, S.E.; LANDFILL TECHNOLOGY; LANDFILL TECHNOLOGIES CORP.; LANDFILL TECHNOLOGIES OF ARECIBO CORP.; LANDFILL TECHNOLOGIES OF AGUADILLA CORP., formerly LANDFILL TECHNOLOGIES OF AÑASCO CORP.; LANDFILL TECHNOLOGIES OF CABO ROJO CORP.; LANDFILL TECHNOLOGIES OF TOA ALTA CORP.; LANDFILL TECHNOLOGIES OF GUAYNABO CORP.; LANDFILL TECHNOLOGIES OF SANTA ISABEL CORP.; VÍCTOR CONTRERAS PÉREZ, as shareholder, director, and officer of several of the above corporations and in his individual capacity; VÍCTOR L. CONTRERAS MUÑOZ, as shareholder, director, and officer of several of the above corporations and in his individual capacity; REY O. CONTRERAS MORENO, as shareholder, director, and officer of the above corporations and in his individual capacity, his wife JANE DOE and their community property; QUINTÍN DE JESÚS; MIGUEL GARCÍA-CAMPOS; ZOE ATANCES GONZÁLEZ and her husband RICHARD ROE and their community property; JOHN DOE; ABC INSURANCE CORP.,<br><br>Defendants | CIVIL 02-2697 (PG) |

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

CIVIL 02-2697 (PG)                              2

### I. Factual and Procedural Background

Plaintiffs in this action are Jaime Feliciano-Cáceres (d/b/a JF & Assoc.), Ingrid Candanedo-Zamora, and the Conjugal Partnership of Feliciano-Candanedo. The defendants are Land-Fill Technologies Corp., d/b/a Landfill Technologies Corp.; F & S Construction Corp.; Landfill Gas Technologies Corp.; Landfill Management, S.E.; Landfill Technology; Landfill Technologies Corp.; Landfill TECHNOLOGIES of Arecibo Corp.; Landfill Technologies of Aguadilla Corp., formerly Landfill Technologies of Añasco Corp.; Landfill Technologies of Cabo Rojo Corp.; Landfill Technologies of Toa Alta Corp.; Landfill Technologies of Guaynabo Corp.; Landfill Technologies of Santa Isabel Corp.; Víctor Contreras Pérez, as shareholder, director, and officer of several of the above corporations and in his individual capacity; Víctor L. Contreras Muñoz, as shareholder, director, and officer of several of the above corporations and in his individual capacity; Rey O. Contreras Moreno, as shareholder, director, and officer of the above corporations and in his individual capacity, his wife Jane Doe and their community property; Quintín de Jesús; Miguel García-Campos; Zoe Atances González and her husband Richard Roe and their community property; John Doe; ABC Insurance Corp.

According to the amended complaint of March 24, 2004, Landfill Technologies Corp. (hereinafter "LTC") and Víctor L. Contreras-Muñoz, Rey O. Contreras-Moreno, Zoe Atances-González, Quintín de Jesús, Miguel García-Campos, F & S Construction, Landfill Gas Technologies Corp., Landfill Management, S.E., Landfill Technologies Corp., Landfill Technologies of Arecibo Corp., Landfill Technologies of Aguadilla Corp., Landfill Technologies of Añasco Corp., Landfill Technologies of Cabo Rojo Corp., Landfill

CIVIL 02-2697 (PG)                              3

Technologies of Toa Alta Corp., Landfill Technology, Landfill Technologies of Guaynabo Corp. and Landfill Technologies of Santa Isabel Corp. (collectively, "LTC" or defendants), manage waste disposal sites under contract with several local municipalities. (Docket Nos. 39, at 3-6; 89, at 1.) At different times between February, 1996 and July, 1998, LTC and associated corporate entities entered into agreements with plaintiffs to provide professional and scientific services, including hydro-geological characterization, installation of ground water monitoring wells, and explosive gas monitoring at different municipal waste disposal sites. (Docket No. 39, at 8-9.) As part of the contracts, plaintiffs were also supposed to install wells, and operate and sample them periodically. (Id. at 10.) Plaintiffs were also to prepare reports (documents) which were to be submitted before a regulatory agency, that is, the Puerto Rico Environmental Quality Board (EQB), on behalf of LTC. Those documents, each of which reflected a required prior study, showed how these operations would be carried out in accordance with the requirements of the contracts. (Id. at 9.)

In February and March, 2000, LTC sent JFA two letters informing them that the agreement for services in the Guaynabo, Carolina, and San Juan projects was being terminated. (Id. at 10.) Beginning in March 2000, LTC began submitting work plans and quality assurance project plans for the Arecibo, Toa Alta, San Juan, Aguadilla, and other municipal landfills to the EQB. (Id. at 10-11.) The documents labeled as LTC works were almost identical to the works prepared by plaintiffs, including corresponding graphics, tests, figures, blueprints, and procedures of plaintiffs' exclusive design and authorship and derivative works. (Id. at 11.)

CIVIL 02-2697 (PG)                              4

The amended complaint alleges copyright infringement of intellectual property, breach of contract under 17 U.S.C. § 101 et seq. and supplemental causes of action based on breach of contract. (Docket No. 39, at 2, 15.) Plaintiffs allege that defendants infringed several copyright protected works including texts, revised maps, figures, and procedure plans of the sole authorship and design of plaintiffs, duly registered in accordance with the Copyright Act and the Puerto Rico Intellectual Property Act. (Id. at 14, ¶ 53.) Additionally, plaintiffs claim defendants breached their contractual obligation causing plaintiffs to suffer economic and personal damages. (Id. at 15, ¶ 55.) Defendants filed an answer to the amended complaint on April 26, 2004. (Docket No. 45.)

On March 10, 2005, LTC defendants moved for judgment on the pleadings. (Docket No. 124.) Plaintiffs opposed the motion on May 13, 2005. A response in opposition for partial judgment on the pleadings was filed on May 13, 2005. (Docket No. 135.) A surreply to the opposition was filed on July 29, 2005. (Docket No. 163.)

In said motion, the LTC defendants allege that plaintiffs' claim for relief relating to violation of purported moral rights in their Work Plans and Quality Assurance Projects Plan was not properly or timely pled, thereby effectively preventing the court from ruling on the merits of the claims. Additionally, defendants allege plaintiffs failed to register the reports with the Puerto Rico Registry of Intellectual Property as required by the procedural requirements of local law.

CIVIL 02-2697 (PG)                              5

II.  Standard for Judgment on the Pleadings

Defendants, in their motion for partial judgment on the pleadings correctly state that Rule 12(c) permits a party to move for a judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). Moreover, a motion for judgment on the pleadings is for all intents and purposes a Rule 12(b)(6) motion to dismiss filed after the close of the pleadings. Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005); Torres-Negrón v. Merck & Co., 376 F. Supp. 2d 121, 125 (D.P.R. 2005). As such, it is well settled law that a 12(c) motion is governed by the same standard as a 12(b)(6) motion. See Collier v. City of Chicopee, 158 F.3d 601, 603 (1st Cir. 1998). Under Rule 12(b)(6) a litigant is permitted to move for dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Dismissal under the rule is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Viera-Marcano v. Ramírez-Sánchez, 224 F. Supp. 2d 397, 399 (D.P.R. 2002). In ruling upon a Federal Rules of Civil Procedure 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003) (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)). The complaint should only be dismissed if it appears that, "under the facts alleged, [the plaintiff] cannot recover under any viable theory." Campagna v. Mass. Dep't of Envtl. Prot., 334 F.3d 150, 154 (1st Cir. 2003) (quoting Nethersole v. Bulger, 287 F.3d 15, 18 (1st Cir. 2002)); see Class v. Commonwealth of P.R., 309 F. Supp. 2d 235, 236 (1st Cir. 2004). Accordingly, to survive a 12(b)(6) motion,

CIVIL 02-2697 (PG)                          6

plaintiffs must present "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Romero Barceló v. Hernández Agosto, 75 F.3d 23, 28 n.2 (1st Cir. 1996) (citing Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992) (quoting Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). Even though all inferences must be construed in favor of the plaintiff, the court need not give weight to "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 52 (1st Cir. 1990)).

### III. Discussion

Defendants allege that they are entitled to partial judgment because plaintiffs' amended complaint does not seek relief for violations of plaintiffs' moral rights under the Puerto Rico Civil Code. Defendants also allege that plaintiffs' works were not properly registered before the Puerto Rico Registry of Intellectual Property. Additionally, the defendants contend that the motion for partial judgment on the pleadings should not be converted to a motion for summary judgment. Since this argument is unchallenged, the issue of conversion is rendered moot. In opposition to the motion for partial judgment, plaintiffs argue that the allegations in the complaint are enough to establish a cause of action for moral rights. Alternatively, plaintiffs request an opportunity to amend the complaint.

A. Moral Rights

The central issue surrounding defendants' motion revolves around the alleged invocation of plaintiffs' moral rights. P.R. Laws Ann. tit. 31, § 1401a states "[m]oral law allows whoever creates a work, to enjoy the benefits of its authorship,

CIVIL 02-2697 (PG)                    7

as established in § 1401 of this title." See Torres Negrón v. Rivera, 413 F. Supp. 2d 84, 85-86 (D.P.R. 2006). Therefore, an author's moral right allows him to protect his right and to prevent his work from being "altered, deformed, truncated or exposed." Pancorbo v. Wometco of P.R., Inc., 115 D.P.R. 495, 501-02 (1984); see also Jiménez Hernández v. Vibración Musical, Inc., 2001 WL 1758094, at *3 (T.C.A. Nov. 14, 2001). This allows an individual who produces a work product "to enjoy the benefits of [his] authorship." P.R. Laws Ann. tit. 31, § 1401a. Consequently, the use of another's work without his authorization invokes the moral right of an author. See Cotto Morales v. Ríos, 140 D.P.R. 604, 625 (1996). However, an author's access to moral damages may be obstructed if his creation was made for the purpose of carrying out a service. See P.R. Laws Ann. tit. 31, § 1401e.

In this case, defendants allege that plaintiffs are not entitled to the aforementioned moral rights because such rights were not mentioned in either the complaint or the amended complaint.[1] Conversely, plaintiffs argue that the sufficiency of their complaint lies in the fact that they have pleaded a federal claim, somehow thereby eliminating the need to plead a state claim for moral rights infringement. In support, plaintiffs incorrectly rely on Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278 (7th Cir. 2002), arguing that a state claim need not be brought in federal court at the pleading stage. I find no support for this in Shah. Nonetheless, for the following reasons, I find some support for the resolution of the motion within the language and reasoning in Shah.

---

[1] Here, defendants allege that plaintiffs have had two opportunities to amend their complaint to include the violation of moral rights. Plaintiffs have amended their original complaint once. (See Docket No. 39, Amended Complaint.)

CIVIL 02-2697 (PG)                            8

Shah correctly notes in dicta that when a plaintiff brings a cause of action which seems to comply with the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and at the same time is unclear as to "what statute, state or federal, or common law principal" is allegedly violated, it would be premature to dismiss the suit without first asking the defendant to serve a contention interrogatory on the plaintiff or asking the plaintiff to file a supporting legal memorandum. Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d at 282.

In this case, pursuant to the amended complaint,[2] plaintiffs bring causes of action for violation of the Federal Copyright Act of 1876[3] and breach of contract. Plaintiffs fails to mention anything as to a violation of their moral rights in either their complaint or their amended complaint. Based on this, it would be unfair to disallow a claim for moral rights at this stage of the pleadings without first asking plaintiffs to support their allegation pertaining to the moral rights of their works. On the other hand, to allow plaintiffs an opportunity at trial to include said moral rights as a part of the cause of action without expressing them in a pleading would be unfair to defendants because they would be left without a "roadmap" to defend against the merits of such claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure "[a] party may amend the party's pleading by ... leave of court ... [which]... shall be freely given when justice so requires." "This determination is left to the broad

---

[2]See Docket No. 39, at 14, ¶ 53, at 15, ¶ 55.

[3]Title 17 U.S.C. §§ 101 et seq., as amended.

CIVIL 02-2697 (PG)                            9

discretion of the district court." <u>Coyne v. City of Somerville</u>, 972 F.2d 440, 446 (1st Cir. 1992) (citing <u>Correa-Martínez v. Arrillaga-Beléndez</u>, 903 F.2d at 59). Such factors to be considered are undue delay, repeated failure to cure deficiencies, undue prejudice, and futility of the amendment. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

    Here, defendants will not be unduly harmed in the event plaintiffs be permitted to amend the complaint a second time to include a cause of action for moral damages. With respect to moral damages, there are three main justiciable elements: (1) whether the work was "altered, deformed, truncated or exposed,"[4] (2) used without authorization,[5] or (3) used for the purpose of carrying out a service.[6] Consequently, with respect to the latter two elements, minimal additional testimonial, documentary or other evidence, if any, will be needed (pre trial) to either prove or defend a claim for moral damages. Moreover, with respect to whether or not the works were altered, deformed, truncated, or exposed, much of the same evidence will be used to prove these allegations as will be used to prove a violation under the Federal Copyright Act, of which extensive documentary discovery has already been produced.

    Specifically, with respect to the federal copyright claim, plaintiffs have submitted an excerpt of LTC's Work Plan and Quality Assurance Project Plan for Monitoring Explosive Gases in the Arecibo Municipal Landfill to compare with their own plans and to show that they were altered in such a way to

---

[4] <u>Pancorbo v. Wometco of P.R., Inc.</u>, 115 D.P.R. at 501-02; <u>see also</u> <u>Jiménez Hernández v. Vibración Musical, Inc.</u>, 2001 WL 1758094, at *3.

[5] <u>See</u> <u>Cotto Morales v. Ríos</u>, 140 D.P.R. at 625.

[6] <u>See</u> P.R. Laws Ann. tit. 31, § 1401(e).

CIVIL 02-2697 (PG)                          10

comport with LTC's needs pertaining to contracts they had with other municipalities. (See Docket No. 39, at 11, ¶ 40, at 12, ¶ 41.) In so doing, plaintiffs assert that the LTC plans at issue are identical to the plans they prepared for the Carolina and Fajardo Municipal Sanitary Landfills and altered without plaintiffs' authorization. In light of the above, this same evidence, at trial, can be used to prove or defend a cause of action for moral damages as well as a federal copyright action. A substantial amount of additional discovery will not be necessary to further develop either parties' respective positions in relation to these issues.

Thus, because neither party will be inconvenienced and defendants will not be inordinately prejudiced, I recommend the court exercise its broad discretion in allowing plaintiffs to amend their original claim to include a cause of action for infringement of their moral rights pursuant to Title 31, Section 1401, of the Puerto Rico Civil Code. See, e.g., Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

B.  Registration of Copyright

Ancillary to the alleged encroachment of plaintiffs' moral rights lies the issue of whether or not they registered their works with the Puerto Rico Registry of Intellectual Property, thereby putting the plaintiffs in a position of compliance with the procedural requirements of Puerto Rico intellectual property law. In support of their motion, defendants cite a myriad of statutes, commentators, and case law offering to legitimatize a rather straight forward question, that is, whether plaintiffs registered their work or not. With respect to this issue, sufficient, yet contrary, evidence is presented by both plaintiffs and defendants.

CIVIL 02-2697 (PG)                              11

Article 3591l of the Puerto Rico Civil Code provides in pertinent part that: "[t]he registrations authorized by this section shall have the effect of reserving the corresponding copyright in favor of the author of the registered work." See P.R. Laws Ann. tit. 31, § 1402(d). In essence, as defendants argue, registration is a condition precedent to both ownership and a copyright claim. In support of their position and without a thorough explanation of the facts, defendants make the argument that plaintiffs have filed "negative copyright certificates," thereby effectively barring plaintiffs from a claim for moral damages. While it is not clear what defendants are referring to with respect to "negative copyright certificates," it is clear that there exists evidence in the record of the filing of certified copyright certificates for four of the hydrogeologic reports. (Docket No. 135, Ex. 1-10.) Certainly, at this stage of litigation, this is evidence enough to support a claim for registration. Thus, I find plaintiffs to be in compliance with the procedural requirements of establishing a claim for infringement on their moral rights under the Puerto Rico Civil Code.

### IV. Conclusion

In view of the aforementioned, I recommend that defendants' motion for partial judgment on the pleadings be DENIED in relation to plaintiffs' claim for moral damages and also as to plaintiffs' alleged failure to register with the Puerto Rico Registry of Intellectual Property. Similarly, I recommend that plaintiffs be allowed to file a second amended complaint to include the cause of action on moral rights.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written

CIVIL 02-2697 (PG)                                    12

objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 20th day of April, 2006.


                                  S/ JUSTO ARENAS
                        Chief United States Magistrate Judge