**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JAIME FELICIANO CACERES, ET AL.,

    Plaintiffs,

       v.                                   Civ. No. 02-2697(PG)

LANDFILL TECHNOLOGIES CORP., ET AL.,

    Defendants.

**OPINION AND ORDER**

Plaintiffs, Jaime Feliciano-Caceres (d/b/a JF & Assoc.), Ingrid Candanedo-Zamora, and the Conjugal Partnership of Feliciano-Candanedo (collectively referred to as "plaintiffs") filed this copyright infringement claim on November 20, 2002. The named defendants are Land-Fill Technologies Corp., d/b/a Landfill Technologies Corp.; F & S Construction Corp.; Landfill Gas Technologies Corp.; Landfill Management, S.E.; Landfill Technology; Landfill Technologies Corp.; Landfill Technologies of Arecibo Corp.; Landfill Technologies of Aguadilla Corp., formerly Landfill Technologies of Añasco Corp.; Landfill Technologies of Cabo Rojo Corp.; Landfill Technologies of Toa Alta Corp.; Landfill Technologies of Guaynabo Corp.; Landfill Technologies of Santa Isabel Corp.; Víctor Contreras Pérez, as shareholder, director, and officer of several of the above corporations and in his individual capacity; Víctor L. Contreras Muñoz, as shareholder, director, and officer of several of the above corporations and in his individual capacity; Rey O. Contreras Moreno, as shareholder, director, and officer of the above corporations and in his individual capacity, his wife Jane Doe and their conjugal partnership Quintín de Jesús; Miguel García-Campos; Zoe Atances González and her husband Richard Roe and their conjugal partnership; John Doe; and ABC Insurance Corp., (collectively referred to as "defendants").

On March 10, 2005, defendants filed a Motion for Partial Judgment on the Pleadings. (Docket No. 124.) Defendants allege that plaintiffs' claim for relief relating to violation of moral rights in their Work Plans and Quality Assurance Projects Plan was not properly or timely pled, thereby effectively preventing the court from ruling on the merits of such claims. Additionally,

Civ. No. 02-2697(PG)                                                    Page 2

defendants argue that plaintiffs failed to register the reports with the Puerto Rico Registry of Intellectual Property as required by the procedural requirements of local law.

In opposition, plaintiffs argue that the allegations in the complaint are enough to establish a cause of action for moral rights. Alternatively, plaintiffs request an opportunity to amend the complaint. (Docket No. 135.) Defendants filed a reply to plaintiffs' opposition. (Docket No. 136.) A surreply was filed thereafter. (Docket No. 163.) On July 14, 2005, the matter was referred to Chief Magistrate Judge Justo Arenas for his Report and Recommendation ("R&R"). (Docket No. 159.)

Before the Court is the Magistrate Judge's R&R (Docket No. 201.) In essence, the Magistrate Judge recommends that defendants' motion be denied and plaintiffs be granted leave to file an amended complaint to include the moral rights claim pursuant to Puerto Rico law. The parties timely filed objections. (Docket Nos. 204, 206, 205, 214.) For the following reasons, the Court **ADOPTS IN PART** the Magistrate Judge's recommendation and **DENIES** the defendants' motion.

## BACKGROUND[1]

Defendants manage waste disposal sites under contract with several local municipalities. (Docket Nos. 39, at 3-6; 89, at 1.) At different times between February, 1996 and July, 1998, defendants and associated corporate entities entered into agreements with plaintiffs to provide professional and scientific services, including hydro-geological characterization, installation of ground water monitoring wells, and explosive gas monitoring at different municipal waste disposal sites. (Docket No. 39, at 8-9.) As part of the contracts, plaintiffs were also supposed to install wells, as well as operate and sample them periodically. (Id. at 10.) Plaintiffs were also to prepare reports (documents) which were to be submitted before a regulatory agency, that is, the Puerto Rico Environmental Quality Board (EQB), on behalf of defendants. Those documents, each of which reflected a required prior study, showed how these operations would be carried out in accordance with the requirements of

---

[1] The parties do not object to the Magistrate Judge's factual discussion. Therefore, the Court culls the relevant facts from the R&R.

Civ. No. 02-2697(PG)                                                   Page 3

the contracts. (Id. at 9.)

In February and March, 2000, defendant Landfill Technologies Corp. (hereinafter "LTC") sent plaintiff JF & Associates two letters informing them that the agreement for services in the Guaynabo, Carolina, and San Juan projects was being terminated. (Id. at 10.) Beginning in March 2000, LTC began submitting work plans and quality assurance project plans for the Arecibo, Toa Alta, San Juan, Aguadilla, and other municipal landfills to the EQB. (Id. at 10-11.) The documents labeled as LTC's works were almost identical to the works prepared by plaintiffs, including corresponding graphics, tests, figures, blueprints, and procedures of plaintiffs' exclusive design, authorship and derivative works. (Id. at 11.)

Plaintiffs filed the present suit claiming copyright infringement of intellectual property, breach of contract under 17 U.S.C. § 101 et seq. and supplemental causes of action based on breach of contract. (Docket No. 39, at 2, 15.) It is alleged that defendants infringed several copyright protected works including texts, revised maps, figures, and procedure plans of the sole authorship and design of plaintiffs, duly registered in accordance with the Copyright Act and the Puerto Rico Intellectual Property Act. (Id. at 14, ¶ 53.) In addition, plaintiffs claim defendants breached their contractual obligation causing plaintiffs to suffer economic and personal damages. (Id. at 15, ¶ 55.) Defendants answered the amended complaint on April 26, 2004. (Docket No. 45.)

## DISCUSSION

### I. Standard for Reviewing a Magistrate-Judge's Report and Recommendation

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed.R.Civ.P. 72(b), and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an]

Civ. No. 02-2697(PG)                                                        Page 4

objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections," 'the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

## II.  **Judgment on the Pleadings**

The Court of Appeals for the First Circuit has recognized that "nothing in the text of Rule 12(c) compels the court to apply any particular standard when deciding" motions for judgment on the pleadings. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1,8 (1st Cir. 2002). Nevertheless, motions under Fed. R.Civ P. 12(c) are normally "evaluated under the familiar standard applicable to a Rule 12(b)(6) motion to dismiss'." Medina Perez v. Fajardo, 257 F.Supp.2d 467, 471 (D.P.R. 2002). See Whiting v. Maiolini, 921 F.2d 5, 6 (1st Cir. 1990)(holding that a District Court may treat a motion for judgment on the pleadings as a rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted). See also Viera-Marcano v. Ramirez-Sanchez, 224 F.Supp.2d 397, 399 (D.P.R. 2002); Fotos v. Internet Commerce Express, Inc., 154 F.Supp 2d 212, 213 (D.N.H. 2001); Canty v. Old Rochester Regional School District, 54 F.Supp 2d 66, 68 (D.Mass. 1999). The reason being that "when a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . . the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236-37(1974).

When ruling on a 12(b)(6) motion, a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995); see also Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir.1991); Conley v. Gibson, 355 U.S. 41,

Civ. No. 02-2697(PG)                                                    Page 5

45-46 (1957). While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". Zeus Projects Limited v. Pérez & Cia, 187 F.R.D. 23, 26 (D.P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, he or she must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988). Indeed, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

### III.  Analysis

The Magistrate Judge considered the pleadings in the amended complaint in which plaintiffs bring causes of action for violation of the Federal Copyright Act of 1876, 17 U.S.C. §§ 101 et seq., and breach of contract. (Docket No. 39, at 14, ¶53; 15, ¶55.) He found that plaintiffs failed to mention anything as to a violation of their moral rights in either their complaint or their amended complaint. Nevertheless, and in light of the pleadings and motions filed, the Magistrate Judge determined that it would be unfair to disallow a claim for moral rights at this stage of the proceedings, as defendants request, without first asking plaintiffs to support their allegation pertaining to the moral rights of their works. At the same time, he determined that it would be unfair to allow plaintiffs an opportunity at trial to include said moral rights as a part of the cause of action without expressing them in a pleading because defendants would be left without a "roadmap" to defend against the merits of such claim. Accordingly, following Rule 15(a)'s standard of review[2], the Magistrate Judge concluded that defendants would not be unduly harmed in the event that plaintiffs be permitted to amend the complaint a second time to include a cause of action

---

[2] Specifically, the Magistrate Judge considered the broad discretion Courts have to freely grant leave to amend a complaint under Fed.R.Civ. P 15(a). See Coyne v. City of Somerville, 972 F.2d 440, 446 (1st Cir. 1992) (citing Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d at 59). He considered factors such as undue delay, repeated failure to cure deficiencies, undue prejudice, and futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962).

for moral damages. Furthermore, because of the discovery that has been performed, the Magistrate Judge, who has been overviewing the discovery proceedings, determined that the same evidence gathered to prove the federal copyright infringement claim can be used to prove or defend a cause of action for moral damages. Indeed, the Magistrate Judge found that additional discovery will not be necessary to further develop either parties' respective positions in relation to these issues. Therefore, because neither party would be prejudiced, he recommends that the court exercise its broad discretion in allowing plaintiffs to amend their original claim to include a cause of action for infringement of their moral rights pursuant Puerto Rico law, P.R. Laws Ann. tit. 31, §§ 1401-1401(i).

At the outset, when the Court read the R&R, it first wandered why defendants had moved for judgment on the pleadings of a claim that pursuant to the Magistrate Judge appears nowhere in the Complaint. Foreseeing that the Court would ask just that, defendants explain in their objections that although neither the Complaint or the Amended Complaint make reference to the violation of moral rights or to the provisions of the Puerto Rico Intellectual Property Law, in several motions filed prior to defendants' "Motion for Partial Judgment on the Pleadings", plaintiffs attempted to add a cause of action for violation of moral rights without seeking the Court's leave. Defendants posit that it was plaintiffs' attempt to sidestep Rule 15(a) of the Rules of Civil Procedure which prompted defendants to file the with the Court.

As to the Magistrate Judge's report, defendants object to the recommendation that their motion be denied and plaintiffs be allowed to amend the complaint to include a claim for moral damages. Specifically, they argue that such conclusion is contrary to law because under the Puerto Rico Intellectual Property Law, "registration is a condition precedent to both ownership and a copyright claim". Inasmuch as plaintiffs' works were presented for registration and registered with the Puerto Rico State Department after the alleged infringement by defendants, plaintiffs have no claim for moral damages. In other words, defendants argue that even if plaintiffs were allowed to amend the Complaint to include a claim for moral rights damages, such claim would not be actionable and would have to be

Civ. No. 02-2697(PG)                                                    Page 7

dismissed.  (Docket Nos. 206 & 210.)

Plaintiffs responded to defendants' objection arguing two things: (1) that they should be allowed to amend the complaint given that defendants will suffer no prejudice, and (2) that pursuant to the case of Harquindey-Ferrer v. Universidad Interamericana de Puerto Rico, 148 D.P.R. 13 (1999) plaintiffs cause of action for violation of moral rights is not dependent on the registration of the works at issue[3].

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Colmenares Vivas v. Sun Alliance Ins. Co., 807 F.2d 1102, 1108 (1st Cir. 1986). A denial by a district court of leave to amend under Fed. R. Civ. P. 15(a) is reviewed for abuse of discretion. Colmenares Vivas, 807 F.2d at 1108; Isaac v. Harvard Univ., 769 F.2d 817, 829 (1st Cir. 1985); Carter v. Supermarkets Gen. Corp., 684 F.2d 187, 192 (1st Cir. 1982). If "a court decides not to permit [an] amendment, it must do so for a valid reason such as bad faith by the moving party, unwarranted delay, or undue prejudice to the opposing party." Colmenares Vivas, 807 F.2d at 1108 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

"As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). Indeed, the "standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Id. As a general rule "the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Stir, 383 F.3d at 12 (citing Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52-53 (1st Cir.1998). Motions to amend are disfavored when the "timing prejudices the opposing party by "requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy·." Stir, 383 F.3d at 12 (quoting Acosta-Mestre, 156 F.3d at 52.

---

[3] In their Reply, defendants reiterated their argument that plaintiffs' moral rights claim is not actionable and therefore they should not be allowed to amend the Complaint. (Docket No. 210.)

Civ. No. 02-2697(PG)                                                    Page 8

Having carefully reviewed the record as well as the applicable case law, we find that plaintiffs should be allowed to amend the complaint.

Defendants argument that plaintiffs' moral rights claim is contingent on their having registered the works at issue is incorrect. Pursuant to Puerto Rico law, moral rights claims, as opposed to economic rights claims, do not require that the works be registered before filing suit.

"In Puerto Rico, intellectual property right is composed of two rights: a moral right that protects the link between the author and [his] work, and a patrimonial right that grants [him] a monopoly over the exploitation of the work." Venegas Hernandez v. Peer Intern. Corp., 270 F.Supp.2d 207, 213 (D.P.R. 2003)(quoting Cotto Morales v. Rios, 140 D.P.R. 604, 613-616 (1996).

> The patrimonial right is defined as the right to, *inter alia*, reproduce and perform the work, as well as the right to create derivative works, and to receive benefits derived from these acts. ... The moral right protects the right to attribution of the work and the right to demand and protect the integrity of the work. This includes the right to prevent the alteration, truncation, and distortion of the work.

Venegas Hernandez v. Peer Intern. Corp., 270 F.Supp.2d at 213 (citing Harquindey Ferrer v. Universidad Interamericana de Puerto Rico, 148 D.P.R. 13, 29 (1999); Cotto Morales, 140 D.P.R. at 620- 623.)

The question at issue here, whether plaintiffs' works had to be registered before bringing a moral rights claim, was specifically addressed by the Puerto Rico Supreme Court in the Harquindey case. There, the Court held that given the nature of moral rights, requiring registration in order to exercise a moral right would seem contrary to the very nature of such rights.

> When the allegation is that another person has attributed the authorship of the work..., we conclude that it is not necessary that the work be registered [in the Intellectual Property Registry]. ... [G]iven the extremely personal nature of a moral right it would not appear necessary to condition its exercise ("reserva") on the registration of the work that sustains it in an Intellectual Property Registry. This is fully justified in the case of economic rights, which are alienable and transferable, for purposes of establishing a clear chain of ownership or 'successive tract' ("tracto sucesivo") and to ease the resolution

of judicial controversies by way of rebuttable presumptions of ownership ("título").... Requiring registration in order to exercise a moral right, ...

Civ. No. 02-2697(PG)                                                    Page 9

would be contrary to the very nature of that right.

<u>Harquindey</u>, 148 D.P.R. 13, 30-31 (1999)[4]. Defendants do not point to any cases that run contrary to the <u>Harquindey</u> holding. Thus, even if there is an issue of fact as to whether plaintiffs had registered their works or not (<u>see</u> R&R, Docket No. 201 at 10-11), it is immaterial because registration is not required. Accordingly, plaintiffs are not barred from bringing a moral rights claim. The Court therefore REJECTS the portion of the R&R titled "Registration of Copyright".

Other than arguing that plaintiffs had to register their works before brining a moral rights claim, defendants do not raise any other argument showing how the proposed amendment would prejudice them. Motions to amend are disfavored if the timing prejudices defendants by requiring a re-opening of discovery, a significant postponement of the trial, and a major alteration in trial tactics and strategy. <u>Stir</u>, 383 F.3d at 12 (<u>quoting</u> <u>Acosta-Mestre</u>, 156 F.3d at 52 (internal quotations omitted). None of these circumstances are present here.

As the Magistrate Judge concluded, defendants will not be unduly harmed in the event plaintiffs are permitted to amend the complaint to include a cause of action for moral damages. Minimal additional testimonial, documentary or other evidence, if any, will be needed to either prove or defend a claim for moral damages given that much of the same evidence that will be used to prove these allegations will be used to prove the Federal Copyright Act claim of which extensive documentary discovery has already been produced.

Therefore, upon *de novo* review of the Magistrate Judge' R&R, the record, as well as the parties' objections, and because neither party will be inconvenienced or inordinately prejudiced, the Court will exercise its broad discretion in allowing plaintiffs to amend the complaint claim **ONLY** to include

---

[4] The moral right of the author constitutes a private right that has as its finality not the work of the author's ingenious, which is property of a patrimonial nature, but the personal property of the intellect.  In civil law, the moral right of an author has been classified as a very personal right together with other rights such as the right to live, to liberty, [and] physical integrity, ... among others. Above all, the moral right is esteemed as an absolute right, that means, it is one of those rights of a universal nature which entails ... a duty from all ... with respect to its owner.  From there stems the general obligation imposed upon everyone of abstaining and avoiding any disturbance or perturbation of that right. <u>Cotto Morales</u>, 140 D.P.R. at 621-623(citations omitted)(translation ours).

Civ. No. 02-2697(PG)                                                    Page 10

a cause of action for infringement of their moral rights pursuant to Title 31, Section 1401, of the Puerto Rico Civil Code. Defendants have been aware of plaintiffs' claim and the discovery performed has in fact covered what would be needed to defend themselves against a moral rights claim[5].

### CONCLUSION

WHEREFORE, the Court **ADOPTS IN PART** the R&R **(Docket No. 201)** and **DENIES** defendants' Motion for Partial Judgment on the Pleadings. **(Docket No. 124.)**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, November 7, 2006.

                                            S/JUAN M. PEREZ-GIMENEZ
                                            U. S. DISTRICT JUDGE

---

[5] The Court is aware that when a motion to amend a complaint is filed after the opposing party has timely moved for summary judgment, plaintiffs should be required to show "substantial and convincing evidence to justify a belated attempt to amend a complaint." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004)(citation omitted). Here, defendants moved for partial summary judgment and just recently the Magistrate Judge issued a Report and Recommendation, in which he recommends that the motion be denied in part and granted in part. Although the Court has yet to rule on the report, regardless of the outcome, because it is a motion for partial summary judgment, the Courts' ruling will not dispose of the case. Therefore, the fact that defendants had filed a partial summary judgment request does not alter the Court's conclusion that in light of the circumstances of the case, and the still ongoing discovery, defendants will not be prejudiced by the amendment.