**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JAIME FELICIANO CACERES, ET AL.,

    Plaintiffs,

       v.                          Civ. No. 02-2697(PG)

LANDFILL TECHNOLOGIES CORP., ET AL.,

    Defendants.

**ORDER**

    On June 22, 2004, Defendants filed a Partial Motion for Summary Judgment and Statement of Uncontested Facts (Dockets Nos. 50 & 52). On August 30, 2004, the undersigned referred the motion to Chief U.S. Magistrate Judge Justo Arenas for a Report and Recommendation (Docket # 90).

    During the two years in which Defendants' partial motion for summary judgment was pending, Plaintiffs filed five (5) motions for extensions of time to file the opposition to the motion for partial summary judgment. (Dockets Nos. 120, 129, 171, 179 & 199.) In their last motion for an extension of time, dated April 9, 2006, Plaintiffs informed the Court that there was still discovery outstanding and that they needed additional time to conclude the same prior to opposing Defendants' motion. (Docket No. 199). Specifically, Plaintiffs requested that the deadline to file their opposition be held in abeyance until they notified the Court "on or before Friday, April 28, 2006" the date of the conclusion of Mr. Rey Contreras' deposition. They further informed the Court that at such time, they would be asking the Court to extend the deadline to oppose Defendants' motion by thirty (30) days after the date of the conclusion of Mr. Rey Contreras' deposition.

    On April 12, 2006, U.S. Magistrate Judge Arenas granted Plaintiffs' motion (Docket No. 200). Nevertheless, Plaintiffs did not notify the Court, as they had stated, "on or before Friday, April 28, 2006" or at no time thereafter, of the status of Mr. Rey Contreras' deposition and never actually filed their opposition to Defendants' Motion for Partial Summary Judgment.

    On October 25, 2006, almost six (6) months after Plaintiffs had agreed to notify the Court of the conclusion of Mr. Rey Contreras' deposition and to

Civ. No. 02-2697(PG)                                                    Page 2

request the imposition of a final thirty (30) day term to file their opposition, U.S. Magistrate Judge Arenas issued his Report and Recommendation in which he deemed Defendants' motion for partial summary judgment unopposed.

Plaintiffs have filed objections to the Magistrate Judge's Report and Recommendation.  They ask the Court to reject the Report and Recommendation based on their Opposing Statement of Material Facts, their Opposition to Defendants' Supplementary Statement of Uncontested Facts, their Statement of Uncontested Facts, and their Consolidated Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment. In other words, through their objections they have filed an opposition to defendants' Motion for Partial Summary Judgment and have also filed a Cross-Motion for Partial Summary Judgment. Plaintiffs are basically asking the Court to disregard the Magistrate Judge's work, start from scratch, and rule on the pending summary judgment motion taking into consideration their opposition to it which was never before the Magistrate Judge. In the alternative, they ask that the Court allow them to complete their discovery and file an Opposition to Defendants' Motion for Partial Summary Judgment.

Having carefully reviewed the record, the Court hereby **GRANTS** Defendants' Motion to Strike **(Docket No. 242)** and **STRIKES** from the record Plaintiffs' opposition to Defendants' motion for summary judgment, the statement of facts in support thereof as well as their cross-motion for summary judgment and statement of facts in support thereof. **(Dockets Nos. 231, 232 & 233.)**

Plaintiffs are simply trying to bring "through the back" door their untimely opposition to Defendants' motion for partial summary judgment.  For two years the Magistrate Judge leniently granted them numerous extensions of time to file their opposition and they failed to do so.  Furthermore, they did not even notify the Court on April of 2006 the status of the deposition of Mr. Contreras and neither have they shown cause for their silence and disregard of the Court's orders.

The Rules of Procedure "endow trial judges with formidable case-management authority." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (C.A.1 (D.P.R.1998) "This authority specifically includes-indeed, mandates-setting deadlines for the filing of pretrial motions." Id.; See Fed.R.Civ.P. 16(b)(2).

Civ. No. 02-2697(PG)                                                    Page 3

"A litigant who ignores a case-management deadline does so at his peril." Id.; see e.g., Fed.R.Civ.P. 16(f)(authorizing sanctions for noncompliance). District Courts "may punish such dereliction in a variety of ways, including but not limited to the preclusion of untimely motions for summary judgment." Rosario-Diaz, 140 F.3d at 315(citing Guzmán-Rivera v. Rivera-Cruz, 98 F.3d 664, 668 (1st Cir.1996)).  Here, the Court cannot allow Plaintiffs to make a mockery of the Court and present arguments they should have timely brought before the Magistrate Judge.

Furthermore, in reviewing the Magistrate Judge's Report and Recommendation, the Court will not consider matters that could have been brought before the Magistrate Judge but because of Plaintiffs' carelessness were never before his consideration.

> "[I]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel consistent with the [Federal Rules of Procedure], can in good conscience complain to the district judge that and objection to a particular finding or recommendation is 'well grounded in fact and is warranted by existing law or . . . reversal of existing law. . .'.".

Sackall v. Heckler, 104 F.R.D. 401, 403 (D.R.I.,1984).

Therefore, the Court **GRANTS** defendants' motion **(Docket No. 242)** and **STRIKES** plaintiffs' filings at Docket Nos. **(Dockets Nos. 231, 232 & 233.)** The Court also **GRANTS** defendants' motions requesting extensions of time to respond to plaintiffs' objections. **(Docket Nos. 243 & 249.)** Defendants opposition due within thirty (30) days of this order.

   **IT IS SO ORDERED.**
   In San Juan, Puerto Rico, January 22, 2007.


                                            S/JUAN M. PEREZ-GIMENEZ
                                            U. S. DISTRICT JUDGE